MYER S. MYERS v. JOHN M. TRIMBLE and others. (a)

Where the answer does not deny the demand alleged in the complaint, but sets up a counter claim, the allowance whereof would still leave a balance due the plaintiff, the court is authorized, by § 244 of the Code, to direct the defendant to satisfy such balance.

And the order may be enforced by attachment.

An offer by the defendant to permit the plaintiff to take judgment for the undisputed sum, forms no ground for refusing the order.

A defendant, having been served with an order made in pursuance of that section, is liable to punishment as for a contempt, in case of an unexcused disobedience thereof.

It seems, that the apparent contempt may be purged, by showing actual inability to pay the amount admitted to be due, unless he has voluntarily disabled himself and the creation of the disability is itself a contumacious act.

THIS action was brought by the payee against the makers of a promissory note for $2,253 25, upon which the complaint admitted a payment of $600, and demanded judgment for $1,653 25, with interest from November 4, 1854.

The answer alleged, that at the time of the commencement of the action, the plaintiff was indebted to the defendants for goods sold, money paid, and labor performed, in specified sums, amounting in all to $1,353 27, which the defendants prayed might be set off to the plaintiff's demands. The allegations of the complaint were not denied nor traversed.

The defendants with their answer served a written notice offering to allow the entry of a judgment against them for $310.

A motion was afterwards made at special term in pursuance of § 244 of the Code, for an order directing the defendants to satisfy the amount admitted to be due, which the plaintiff claimed was $299 88, being the sum demanded in the complaint, less the set off claimed in the answer.

(a) This case was decided at the April general term. It is published in this place to be of convenient reference in connection with the decision in *Merritt* v. *Thompson, ante*, p. 600 ; both cases involving the construction of the same (244th) section of the Code. (See, also, *Quintard* v. *Secor, post*, p. 614.)—REP.

This motion was heard, in the first instance, before INGRA-HAM, FIRST J., who delivered the following opinion :

"The defendants by their answer do not deny the plaintiff's claim, but set up as a counter claim moneys due to them, leaving a balance due from the defendants of about three hundred dollars.

"To this there is no defence pretended, and under any circumstances the plaintiff would be entitled to recover that amount. The defendants have also offered to the plaintiff to take judgment for the same sum.    The plaintiff now moves for an order directing the defendants to pay the amount admitted to be due.

"It would be necessary, before such an order could be made, to ascertain clearly that the defendant made no defence to that portion of the claim, and when that is established, there is no cause why the defendant should not be required to make payment.    If the defendants have a counter claim to the plaintiff's demand, sufficient remains to protect them in case of a recovery.    Any other rule would enable a defendant, by setting up a counter claim for a small amount, to deprive his creditor for a long time of his rights, to which in reality no defence existed.

"It was said the Superior Court had decided otherwise in 4 Sand. S. C. R. 673 ; but in that case there was not a distinct admission of a balance being due, and the discretion of the court was properly exercised in refusing that motion. (a)  A case recently decided was also referred to, but as the same has not been submitted to me, I am unable see whether it is applicable to this motion or not.

"It was also suggested that there was difficulty in enforcing such an order and therefore it should be refused; but such a reason is not a good one to warrant us in refusing to make it.   If the order cannot be enforced, the defendants will reap the benefit of the defect in the law.   No difficulty, however, need be anticipated on that part of the proceeding.

"I see no reason for refusing the motion.  The same is granted."

(a) See *Smith* v. *Olssen*, 4 Sand. S. C. R. 711.  These and other cases are referred to in the opinion in *Quintard* v. *Secor*, *post*, p. 614.

The defendants were thereupon directed to satisfy $299 98 of the plaintiff's demand, with interest, and the order to that effect was served upon them.

Upon an affidavit that the defendants had disobeyed the order for the period of twenty days, an order was granted at special term, DALY, J., presiding, directing the issuing of an attachment against the defendants as for a contempt. From this order the defendants appealed.

*Alfred Waite,* for the defendants, submitted no points on the appeal. On the hearing at special term, he contended that the issuing of the attachment was in effect abrogating the act of 1821, abolishing imprisonment for debt.

*Albert Mathews,* for the plaintiff, argued the following points:

I. The provisions of the Code are express and positive that when the answer of the defendant admits part of the plaintiff's claim to be just, the court, on motion, may order the defendant to satisfy that part of the claim, and may enforce the order as it enforces a provisional remedy. (Sec. 244, subd. 5, amendments 1851 and 1852.)

II. The case of trust funds, and property of an adverse party, and specific liens upon either are provided for in other parts of chapter 5.

III. If the words " or by execution," had been added to the last section, no question would ever have arisen as to the construction of this section of the Code, or the powers of the court under it. Assumed hardships should not mystify its meaning, as it now is.

IV. Where a defendant admits a plaintiff's claim to part of his demand, why should he not satisfy that part? The law cannot presume his inability, especially (as in this case) where he stands mute, and makes no pretence of poverty.

V. After the order to satisfy is made, how enforce it, if not by attachment for disobedience? It is inconceivable that this

court, deeming a plaintiff's claim just (and the defendant admitting it just), will order it satisfied, and suffer the defendant to disobey without pretence of excuse. There is no other remedy. Without the remedy the order to satisfy is *brutum fulmen.*

VI. As this case stands, the defendant willfully and unnecessarily thrusts into the plaintiff's suit a litigation of his own, by which he claims the right to embarrass the plaintiff not only in collecting that amount for which he sets up a corresponding claim, but also to hinder, delay and defraud the plaintiff as to the amount actually confessed to be due.

VII. This power to order payment of an admitted part of a claim pending suit as to the balance, is of a long usage in courts exercising equity jurisdiction. (*Clarkson* v. *Depeyster,* Hopk. 274.)

VIII. The power to imprison for such refusal to pay is expressly excepted by the non-imprisonment act, which is an active statute as to fraudulent debtors. (2 R. S. p. 51, Non-imp. Act, § 2, 2 R. S. p. 534, § 1,. subd. 3, § 4.)

IX. The like remedy is elsewhere given against a guardian and against the assignee of a plaintiff. (Code, § 316, § 321.)

X. There is no hardships to the defendants but the performance of an act of common honesty, too long neglected without any excuse. (See statute concerning contempts, 2 R. S. 538, § 20, as amended by act of 1843.)

XI. If there were hardship (by reason of inconvenience to pay), the defendant has created the difficulty. He might have suffered judgment by default, and prosecuted the plaintiff for his alleged cause of action. It is not the case of recoupment, nor where it is necessary, to prevent a bar, to set up the partial defence.

XII. If the construction claimed of this section of the Code be held a repeal of the non-imprisonment act, so far as it may be necessary to issue an attachment against the defendants, why was not the legislature as competent to repeal that act in part, by the provisions of this section, as by the provisions of the section authorizing arrests of an agent of a corporation or a broker for money received. (Code § 179, subd. 2.)

BY THE COURT. WOODRUFF, J.—The order appealed from herein is not submitted with the papers on this appeal, but only a certificate by one of the judges at special term, that the questions arising on the motion there are of sufficient importance and doubt to render a review by the general term proper.

It is, however, stated in the points submitted by the respondent that the order in question was made under the following circumstances, and is of the purport following:

The plaintiff having brought his action upon a promissory note, the defendants by their answer allege a counter claim by way of set off to a part of the plaintiff's demand, and admit the residue. Thereupon an order was made directing the defendant, in pursuance of section 244 of the Code, to satisfy that part of the plaintiff's claim which was so admitted.

This order being served, the defendants refused to comply therewith, and upon a motion for an attachment for the disobedience of that order, a further order was made that an attachment issue to bring the defendants into court to answer for their apparent contempt in disobeying the former order.

From the order that an attachment issue (as stated in the respondent's points) the present appeal is taken. No points are submitted by the appellant, and we are not therefore apprised of the grounds of his objection to the order. All that appeared before the court when the order appealed from was made, is, that the order for the payment of the sum admitted to be due was served upon each of the defendants personally, and that they refused to obey it. No excuse was offered for such disobedience. The propriety of the original order is not open to question on this appeal, and the only question that occurs to me is this: Did the legislature, when they provided that such an order might be enforced by the court as it enforces a provisional remedy, mean that the court might issue an attachment against the persons of the defendants, and require them to answer for the apparent contempt; and if upon such appearance the apparent contempt was neither disproved nor excused, may the court proceed to fine and imprison as in other cases of contempt?

I have heretofore, in *Merritt* v. *Thompson*, (*a*) in this court, at the January general term, 1855, and in a recent case, *Quintard* v. *Secor*, (*b*) at the April special term, expressed my views at some length regarding the consistency of the power given to the court by the section of the Code under consideration, with our statutes abolishing imprisonment for debt. Although if we were impelled by our views of the proper construction of this section, to say that it provides for the imprisonment of a debtor who, admitting that he owes money, is in fact unable to pay it, we should be bound to add that the legislature who had abolished imprisonment for debt were entirely competent to restore it in such cases and with such limitations and qualifications as they thought proper. Yet on the other hand, we ought to give a construction to the section in harmony with the general course of legislation in this state for more than thirty years, and with the spirit which still characterizes our laws, and especially with a cautious regard for the liberty of the citizen, if such construction will satisfy the requirements of the section under consideration. And in this view I have suggested in the above cases that if it appear that the debtor is unable to pay the sum ordered to be paid, that may be deemed a sufficient excuse when he appears to answer for apparent contumacy.

Courts will not adjudge a defendant in contempt for not doing an impossibility, nor for not doing what it is not in his power to do, unless he has voluntarily disabled himself to do the act where the creation of the disability was itself a contumacious act. There is, therefore, nothing in the objection that the order appealed from is in conflict with our non-imprisonment laws, or the general design of the legislature to protect an honest but insolvent debtor from being restrained of his personal liberty.

The question, however, still remains, whether, by the terms

(*a*) Reported *ante*, p. 600.

(*b*) The opinion in *Quintard* v. *Secor*, with notes of the points determined, is inserted in full in a note at the close of this case. *Post*, p. 614.—Rep.

Myers *v.* Trimble.

" may enforce the order as the court enforces a provisional remedy," was meant, that the court might punish disobedience as a contempt.

There appears to me no room to give it any other meaning. How do the courts enforce a "provisional remedy?" Under the Code "provisional remedies," are described in five chapters. 1st, "Arrest and bail." This remedy, when granted, enforces itself as against the defendant; the very order of arrest goes into the hands of a ministerial officer for immediate execution; it requires no supplemental proceeding to enforce it, unless the sheriff refuses to return the writ or mandate; and if he do, he may clearly be ordered to make such return, and be attached for a contempt in disobeying the order. 2d, "Claim and delivery." To this the same remarks in substance apply, and an attachment may be granted to compel the sheriff to perform his duty. 3d, "Injunction." In respect to which the appropriate mode of compelling obedience is by attachment for a contempt for disregarding it. 4th, "Attachment" against property of foreign corporations, non-residents, or absconding debtors. The remarks made regarding arrest and bail are applicable to this also. The execution of the attachment by the sheriff enforces this remedy, unless the sheriff by some neglect of his own duty subjects himself to a proceeding for contempt. 5th, "Appointment of receiver." Power to order the delivery of money or property in the defendant's possession to the party claiming it, or to bring it into court, in respect to both of which, the power of the court to enforce its order by process for a contempt is unquestionable; and in respect to the order for the delivery of property, the terms are explicit, that the court may not only punish disobedience as a contempt, but may direct the sheriff to take the money or property and deposit or deliver it in conformity with the original direction.

Now in respect to all these remedies, the well known power of the court to punish a disobedience of its orders as a contempt is an important mode of making them effectual, and in some of them the remedy itself would be wholly ineffectual and inoperative without such power; and this power is fully given and

regulated by the Revised Statutes, and is preserved in force by section 471 of the Code.

I do not therefore hesitate in concluding, that the language above referred to means that the court may compel obedience to its order in the mode pursued in the present case. Indeed had the provision in question stopped with a warrant to the court to order the defendant to satisfy the part of the claim admitted, and had not prescribed the mode of enforcing obedience, it would have been no idle claim that the provisions of the Revised Statutes (2 R. S. 534 and 536, §§ 1, 4, 5, and onward) would have been distinctly applicable to a case of disobedience to such an order. On the contrary, the remedy by precept or attachment for a contempt would seem not only authorized, but in all respects appropriate.

In my opinion the order should be affirmed.

Ordered accordingly.